**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Marc Cabrera

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARC CABRERA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**FIFTH GENERATION, INC., d.b.a. TITO'S HANDMADE VODKA,**<br><br>Defendant. | **Case No.:** 3:14-cv-02990-L-RBB<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) CALIFORNIA BUS. & PROF. §§ 17500 ET SEQ.**<br><br>**2.) CALIFORNIA BUS. & PROF. §§ 17200 ET SEQ.**<br><br>**3.) NELIGENCT MISREPRESENTATION**<br><br>**4.) INTENTIONAL MISREPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

*Left margin (vertical):* KAZEROUNI LAW GROUP, APC / 245 FISCHER AVENUE, UNIT D1 / COSTA MESA, CA 92626

## INTRODUCTION

1. Plaintiff MARC CABRERA ("Plaintiff") brings this statewide Class Action Complaint to enjoin the deceptive advertising and business practices of FIFTH GENERATION, INC., d.b.a. TITO'S HANDMADE VODKA (collectively as "Defendant") with regard to Defendant's false and misleading promotion of its vodka. Defendant manufactures, markets, and/or sells its "Tito's Handmade Vodka" to California consumers and the general public with the false representation that the product is "Handmade" when in fact Defendant's vodka is manufactured using mechanized and/or automated processes, which involves little to no human supervision, assistance or involvement.

2. Defendant labels the vodka products it manufactures and sells as "Handmade." However, contradictory to the "Handmade" and "Crafted in an Old Fashioned Pot Still" representation on the label of Defendant's vodka, Defendant's manufacturing process actually employs mechanized and/or automated machinery and processes to manufacture and bottle its vodka, rather than human hands.

3. Defendant attaches these untrue and misleading labels to all of the vodka bottles it markets and sells throughout the state of California and throughout the United States.

4. This nationwide sale and advertising of deceptively labeled products constitutes: (1) a violation California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 et seq.; (2) a violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq.; (3) negligent misrepresentation; and (4) intentional misrepresentation.  This conduct caused Plaintiff and other similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

7. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Texas.

8. Based upon information and belief, Plaintiff allege that Defendant has shipped approximately 1.4 million cases of vodka in 2013. Each of these cases holds 6 bottles. Based upon the high advertised price of Defendant's product and its nationwide availability, Plaintiff are informed, believe, and thereon allege the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d) for a diversity jurisdiction class action.

9. The court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Diego, State of California. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

//

//

10. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons:

    (i)    Plaintiff resides in the County of San Diego, State of California which is within this judicial district;

    (ii)    The conduct complained of herein occurred within this judicial district as Plaintiff purchased Defendant's vodka in this district;

    (iii)    Defendant conducted and does substantial business in the County of San Diego, State of California; and

    (iv)    Defendant is subject to personal jurisdiction in this district.

## PARTIES

11. Plaintiff, Marc Cabrera, is a natural person who resides in the County of San Diego, State of California, who was negligently and/or intentionally induced into purchasing Defendant's falsely advertised product.

12. Defendant, Fifth Generation, Inc. dba Tito's Handmade Vodka is a corporation that is incorporated under the laws of the State of Texas, and does business within the State of California and within this district.

## NATURE OF THE CASE

13. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times, relevant, Defendant manufactured, marketed, and/or sold its "Tito's Handmade Vodka" with labels that prominently claimed Defendant's vodka was "Handmade" and "Crafted in an Old Fashioned Pot Still."

15. At all times relevant, Defendant made, and continues to make, affirmative misrepresentations regarding the vodka it manufactures, markets and sells. Specifically, Defendant packaged, advertised, marketed, promoted, and sold its vodka, which was represented by Defendant to be "Handmade," to Plaintiff and other consumers similarly situated.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

16. However, on information and belief, Defendant's vodka was and is not "Handmade," but rather manufactured and/or produced in "massive buildings containing ten floor-to-ceiling stills" and "bottling 500 cases an hour" through the use of a mechanized and/or automated process, in contradiction of Defendant's claims prominently displayed on the label of its product that its vodka is "Handmade" and "Crafted in an Old Fashioned Pot Still." [1] Defendant's vodka is simply not "Handmade" as Defendant advertised to Plaintiff and other consumers similarly situated.[2]

17. Defendant advertises its product with the following label:




KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

---

[1] An article appearing in the July 15, 2013 issue of Forbes Magazine entitled "The Troubling Success of Tito's Handmade Vodka" noted that the Forbes photographer was purposefully directed away by the Tito's brand manager from "massive buildings containing ten floor-to-ceiling stills and bottling 500 cases an hour and into the shack with the original still." (http://www.forbes.com/sites/meghancasserly/2013/06/26/haunted-spirits-the-troubling-success-of-titos-handmade-vodka)

[2] Merriam-Webster Dictionary defines the term "handmade" as "made with hands or by using hand tools" and Oxford Dictionary defines "handmade" as "made by hand, not by machine, and typically therefore of superior quality."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

18. "Handmade" and "handcrafted" are terms that consumers have long associated with higher quality manufacturing and high-end products. This association and public perception is evident in the marketplace where manufacturers charge a premium for "handcrafted" or "handmade" goods. In the case of a 750 milliliter bottle of vodka, similar to the ones Defendant manufactures and sells, most commercially available vodkas range in price from as little as $11.95 to $36.99.[3] Defendant's purportedly "Handmade" 750 milliliter bottle of vodka is listed at $22.99.[4]

19. Defendant affixes identical labels on all its bottles of "Tito's Handmade Vodka" ("Tito's"). On these labels, the claim "**Handmade**" appears in large bold font on the front of the bottle. *See* ¶ 17. As a result, Defendant induces consumers to purchase, purchase more of, and pay more for its vodka on the basis it is of supposedly of superior quality and workmanship.

20. However, contrary to its misleading labeling, Defendant's vodka is predominately or entirely made by mechanized and/or automated processes, as learned through the 2013 Forbes article (*See* FN 1) and as will be further revealed through the discovery process.

21. Through the misleading labels on Defendant's vodka, Defendant marketed and represented to the general public that its vodka was "Handmade" and in doing so, concealed the mechanized and/or automated processes utilized by Defendant in manufacturing and bottling its vodka.

22. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other similarly situated consumers have purchased "Tito's Handmade Vodka" under the false impression that the vodka was of superior quality that its non-

---

[3] *See,* the price listing for "750 ML Vodka" on the website of BevoMo, a retailer of alcohol, and available at: http://www.bevmo.com/Shop/ProductList.aspx/Home/Vodka/_/D-750%20ml%20vodka/N-1z141wzZ1z141wy/Ntt-750%20ml%20vodka?DNID=Home&fromsearch=true&Ns=SalesPrice%7C1&Ntk=All
[4] *See,* http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Vodka/Tito-s/Tito-s-Handmade-Vodka/23353

handmade counterparts by virtue of being "Handmade" and thus worth an exponentially higher price as compared to other similar vodkas.

23. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the identical labels were prominently placed on all of the Tito's vodka bottles that were sold, and are currently being sold, throughout the U.S. and the State of California.

24. As a result of Defendant's misrepresentations regarding its Tito's Handmade Vodka, Plaintiff and other consumers similarly situated overpaid for the product, and/or purchased the product under the false believe that the vodka they purchased was of superior quality since it was allegedly "Handmade." Had Plaintiff and other consumers similarly situated been made aware that Tito's vodka was not "Handmade" they would not have purchased the product, or would have paid less for it, or purchased different products.

25. As a result of Defendant's false and misleading statements, as well as Defendant's other conduct described herein, Plaintiff and other similarly situated consumers purchased thousands, if not millions, of bottles of Tito's vodkaand have suffered, and continue to suffer, injury in fact including the lost of money and/or property.

26. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

27. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

## FACTUAL ALLEGATIONS

28. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant manufactures, markets, and sells its "Tito's Handmade Vodka" with labels that prominently claimed Defendant's vodka was "Handmade" and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

"Crafted in an Old Fashioned Pot Still." *See,* ¶ 17.

30. All of Tito's vodka bottles display a label prominently claiming the vodka is "Handmade" and "Crafted in an Old Fashioned Pot Still by America's Original Microdistillery." *See,* ¶ 17.

31. On December 16, 2014, Plaintiff Marc Cabrera purchased a bottle of Defendant's "Tito's Handmade Vodka", which displayed the offending label (*See* ¶ 17), for $ 16.99 from a CVS Pharmacy store in San Diego, California.

32. Based on the misrepresentations that Defendant's vodka was "Handmade," Plaintiff believed Tito's vodka was of superior quality by virtue of the product being made by hand rather than by a machine, and relied upon said misrepresentations when purchasing Defendant's product.

33. Although Defendant claims its vodka is "Handmade," Tito's vodka is actually manufactured and bottled using mechanized and/or automated processes, with little to no human supervision, assistance or involvement as described herein.

34. Defendant, through its website, claims "Tito's Handmade Vodka is produced in Austin at Texas's first and oldest legal distillery.  It's made in batches in old fashioned pot stills by Tito Beveridge…and distilled six times." Also, near the bottom of the website displays a logo stating "Handcrafted in Texas" and boldly states "HANDCRAFTED TO BE SAVORED RESPONSIBLY." [5]

35. As a result of Defendant's misrepresentations regarding Tito's "Handmade" vodka, Plaintiff and other putative class members were induced into purchasing and overpaying for the product under the belief that Defendant's vodka was of superior quality because it was "Handmade." Had Plaintiff and putative class members been made aware that Tito's vodka was not in fact "Handmade" they would not have purchased the product, or would have paid

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

[5] http://www.titosvodka.com/our-vodka/

less for it, or purchased a different product. Therefore, Plaintiff and putative class members suffered injury in fact and lost money and/or property as a result of Defendant's conduct complained of herein.

36. During the "Class Period," as defined below, Plaintiff and other similarly situated consumers were exposed to and saw Defendant's advertising, marketing, and labeling claims disseminated by Defendant for the purpose of selling goods. Plaintiff and putative class members purchased Defendant's product in reliance on these claims, and thereby suffered injury in fact and lost money and/or property as a result of Defendant's unfair, misleading and unlawful conduct described herein.

37. In making the decision to purchase a Tito's vodka, Plaintiff relied upon Defendant's advertisements and/or other promotional materials prepared and approved by Defendant and/or its agents and disseminated through its product's packaging and labeling displaying the false and/or misleading misrepresentations herein alleged.

38. Producing consumer goods by means of mechanized or automated process has long be touted as a cheaper way to "mass produce" consumer goods. By utilizing machines to produce goods, manufacturers are able to make more goods in a shorter period of time at a lower cost. Mechanization of course sacrifices quality, as machines cannot exercise the skill and care of a human craftsman. Undoubtedly, every consumer would prefer to purchase a higher quality product, however, many are not able or willing to pay for such quality. The demand for higher quality products has always existed amongst consumers, thus manufacturers market their products to those seeking higher quality goods and demand a premium price for that quality.

39. Defendant seeks to capitalize on consumers' preference for higher quality vodka, and to that end, has intentionally marketed its product as "Handmade." *See* ¶ 17.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

40. Defendant is aware that consumers are willing to pay more for products of higher quality; and for that reason Defendant has marketed its vodka as "Handmade" induce the purchase of its product, sell a greater volume of its product, and to sell Defendant's product at a higher price in comparison to competitors' products.

41. Defendant's misleading advertising is publicly disseminated on a widespread and continuous basis during the Class Period as the offending label containing the bold and conspicuously placed "Handmade" text was affixed to all of Defendant's vodka bottles sold by Defendant throughout the State of California and throughout the United States.

42. Defendant's label was untrue, false, and misleading to Plaintiff and all similarly situated putative class members as a reasonable consumer would have interpreted Defendant's claims according to their common meaning. (*See* FN 2). Therefore, the reasonable consumer would have been misled into believing Tito's vodka was made *by hand* and therefore of superior quality when it is in fact not "Handmade" as Defendant claims.

43. Defendant knew, or in the exercise of reasonable care should have known, its labels were misleading. Defendant could have easily omitted the large bold text "Handmade" from its vodka labeling. However, Defendant deliberately chose to insert such text and intentionally or negligently retained that false claim within its product's labeling for the purpose of selling its product.

44. Defendant made an intentional strategic and tactical decision to deceive consumers with the intent of reaping the financial benefit of the false, misleading, and deceptive advertising regarding the mechanized and/or automated means it employs in the manufacturing of its products, intentionally capitalizing on a reasonable consumer's trust in a nationally branded company perceived to supply quality "Handmade" vodka.

//

**FIRST CAUSE OF ACTION**

**FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.**

**[CALIFORNIA'S FALSE ADVERTISING LAW]**

45. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

46. Plaintiff brings this cause of action on behalf of himself and on behalf of the putative Class.

47. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

48. The misrepresentations, acts, and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violate Business & Professions Code §§ 17500 *et seq*.

49. At all times relevant, Defendant's advertising and promotion regarding its vodka being "Handmade" was false, misleading, and likely to deceive the reasonable consumer and the public; and, in fact, has deceived the Plaintiff and other consumers similarly situated by representing that Defendant's vodka was "Handmade" when in fact Defendant knew and failed to disclose that its vodka is made predominately or entirely made by machines through the use of mechanized and/or automated processes.

50. Defendant engaged in the false and/or misleading advertising and marketing as alleged herein with the intent to directly or indirectly induce the purchase of vodka Defendant knew, or had reason to know, was not in fact "Handmade."

51. In making and publicly disseminating the statements and/or omissions alleged herein, Defendant knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

California Business & Professions Code §§ 17500 *et seq.*

52. Plaintiff and members of the putative Class have suffered injury in fact and have lost money and/or property as a result of Defendant's false advertising, as more fully set forth herein. Plaintiff and members of the Class have been injured because they were induced to purchase and overpay for Tito's vodka on the belief that Defendant's product was "Handmade." Plaintiff and members of the putative Class have been injured because had they been made aware that Tito's vodka was not handmade, but rather produced by a less desirable mechanized and/or automated processes, they would have not purchased the vodka, or would have paid less for the product, or would have purchased different product from another manufacturer.

53. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of false and misleading advertising and promotion of Tito's vodka, as defined by Business & Professions Code §§ 17500 et seq., by engaging in the false advertising and promotion of its vodka as being "Handmade" in its product's labeling.

54. The false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers, as Defendant continues to use the deceptive labels, marketing, and advertising, which will continue to mislead consumers who purchase Tito's vodka under false premises.

55. As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, Tito's vodka, as a result of the unlawful acts of Defendant, during the Class Period.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## SECOND CAUSE OF ACTION

### FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

### [CALIFORNIA'S UNFAIR COMPETITION LAW]

56. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

57. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201.  California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

58. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising."  The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

### A. *"Unlawful" Prong*

59. Because Defendant has violated California's False Advertising Law, Business & Professions Code §§ 17500 *et seq.*, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

60. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as selling Tito's vodka without falsely packaging, labeling, marketing and advertising its product as "Handmade."

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

61. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### B. *"Unfair" Prong*

62. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently represent to the consuming public, including Plaintiff, that Tito's vodka is "Handmade" when in fact it is predominately or entirely manufactured by mechanized and/or automated processes rather than by hand, as represented on Defendant's product. Such conduct by Defendant is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that Tito's vodka is of superior quality and workmanship by virtue of the it being "Handmade," when in fact it is not. Defendant's product labeling misleads and deceives Plaintiff and other similarly situated consumers into believing Tito's vodka is "Handmade," when actually it is entirely, or almost entirely, manufactured by mechanized and/or automated processes.

63. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Business & Professions Code §§ 17200 *et seq.*, by engaging in the false advertising and promotion of Tito's vodka as, "Handmade" among other representations.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

64. Defendant could and should have furthered its legitimate business interests by expressly indicating in its labeling that Tito's vodka is in fact made by machines rather than by hand. Alternatively, Defendant could have omitted this representation and refrained from misstating that Tito's vodka was "Handmade" when it in fact is not.

65. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant has failed to request the removal of deceptively labeled products from its resellers' stores.

### C. *"Fraudulent" Prong*

66. Defendant's claims and misleading statements were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§ 17200 *et seq*. Defendant engaged in fraudulent acts and business practices by knowingly or negligently representing to Plaintiff, and other similarly situated consumers, whether by conduct, orally, or in writing by:

    a. Intentionally designing the product's label to conspicuously and prominently state that Tito's vodka is "Handmade" without accurately identifying the true mechanized and/or automated means by which the vodka is manufactured.

    b. Intentionally allowing Defendant's resellers to use and advertise Tito's vodka through the use of Defendant's labels, which contain misleading and false statements.

67. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

//

---

68. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents an ongoing threat to consumers in that they will continue to be misled into purchasing Tito's vodka under false premises.

## D. *"Unfair, Deceptive, Untrue or Misleading Advertising" Prong*

69. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Tito's vodka "Handmade" and that is of superior quality and workmanship by virtue of the it being "Handmade," when in fact "Tito's Handmade Vodka" is not made by hand but rather made by mechanized and/or automated processes.

70. Plaintiff, who is a reasonable consumer, and the public would be likely to be and actually were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation "Handmade" in accord with its ordinary usage, that Defendant's vodka was made by hand rather than by a machine when it fact it was not.

71. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, Tito's vodka, due to the unlawful acts of Defendant.

72. Thus, Defendant caused Plaintiff and other members of the Class to purchase Tito's vodka under false premises during the Class Period.

73. Defendant has engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiff, and putative class members, to a judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as result of each and every violation of the UCL, which are continuing, Plaintiff are entitled to restitution and injunctive relief against Defendant, as set forth in the Prayer for Relief.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

74. Plaintiff and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiff and members of the putative class have been injured as they relied on Defendant's intentional misrepresentation and were induced into purchasing, purchasing more of, and overpaying for Tito's vodka. Plaintiff and members of the Class have been injured as had they been made aware that the product was machine rather than handmade, they would not have purchased the product, or would have paid less for it, or purchased a different product from another manufacturer.

75. Defendant, through its acts of unfair competition, has unfairly acquired monies from Plaintiff and members of the putative Class. It is impossible for Plaintiff to determine the exact amount of money that Defendant has obtained without a detailed review of the Defendant's books and records. Plaintiff requests that this Court restore these monies and enjoin Defendant from continuing to violate California Business & Professions Code §§ 17200 *et seq.*, as discussed herein.

76. Plaintiff and other similarly situated consumers residing within California, will continue to be exposed to and harmed by Defendant's unfair business practices unless Defendant enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein

77. Plaintiff further seek an order requiring Defendant to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

78. Plaintiff also seek attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Section 1021.5.

//

//

**THIRD CAUSE OF ACTION**

**FOR NEGLIGENT MISREPRESENTATION**

79. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

80. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that Tito's vodka was "Handmade," as described herein.

81. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff and putative Class members, to purchase Tito's vodka.

82. Plaintiff and other similarly situated consumers in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the product, as described herein.

83. At all times relevant, Defendant made the misrepresentations herein alleged when Defendant should have known these representations to be untrue, and Defendant lacked a reasonable basis for believing the representations to be true at the time such representations were made to Plaintiff and other similarly situated consumers.

84. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for, Tito's vodka, due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

//
//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## FOURTH CAUSE OF ACTION

### FOR INTENTIONAL MISREPRESENTATION

85. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

86. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant intentionally represented to the public, including Plaintiff, by promoting and other means, that Tito's vodka is "Handmade," in the product's labeling, as described herein. Defendant's representations were untrue.

87. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Tito's vodka, for Defendant's own financial gain.

88. Defendant intentionally made such misrepresentations by printing "Handmade" conspicuously and prominently on its product's label.

89. The statements regarding Tito's vodka being "Handmade" were misleading because Defendant actually uses an entirely, or nearly entirely, mechanized and/or automated process for manufacturing its vodka. Defendant's vodka is therefore not "Handmade" as Defendant advertises on its product's labeling.

90. Plaintiff and other similarly situated consumers in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on such representations, purchased the products, as described above.

91. At all times relevant, Defendant intentionally made the misrepresentations herein alleged, allowed the misrepresentations to continue to be made by its resellers and Defendant knew the representations to be false.

92. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendant's misrepresented product.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

93. Defendant knew that its vodka was not "Handmade," but nevertheless made such representations disseminated through Defendant's marketing, advertising, and product labeling that its vodka was "Handmade" with the intention and belief that consumers would rely on Defendant's representations.

94. Defendant also knew that retailers were advertising its vodka as "Handmade" as Defendant designed, manufactured, and affixed the product labeling to its vodka before supplying and/or distributing its products to retailers.

95. Plaintiff and other consumers similarly situated, in purchasing and using the products as herein alleged, relied on Defendant's representations, including the representations on Tito's vodka label, all to their damage and/or detriment as herein alleged.

96. Plaintiff allege the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

   a. The "who" is Defendant Fifth Generation, Inc. dba Tito's Handmade Vodka;

   b. The "what" is representation that Defendant's vodka is "Handmade";

   c. The "when" is the date Plaintiff purchased the product and the Class Period of four years prior to the filing of the Complaint;

   d. The "where" is in Defendant's product labeling (*See* ¶ 17); and

   e. The "how" is the allegation that Defendant did not disclose that its vodka was not "Handmade" but in fact produced entirely, or almost entirely, by mechanized and/or automated processes, not by hand.

97. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover exemplary or punitive damages.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## CLASS ACTION ALLEGATIONS

98.  Plaintiff and the members of the Class have all suffered injury in fact as a result of the Defendant's unlawful and misleading conduct.

99.  The "Class Period" means four years prior to filing of the Complaint in this action.

100. Plaintiff bring this lawsuit on behalf of himself and other California consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.  Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> "All persons who purchased a Tito's vodka in the State of California within four years prior to the filing of the Complaint in this action."

Excluded from the Class are Defendant and any of its officers, directors, and employees, or anyone who purchased a Tito's vodka for the purposes of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

101. ***Ascertainability.*** The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records regarding retail and online sales, as well as through public notice.

102. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class consists of hundreds of thousands of members, if not millions.

103. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions. The

common legal and factual questions include, but are not limited to, the following:

    (a)   Whether Defendant's vodka is manufactured by any mechanized and/or automated process rather than by hand;

    (b)   Whether Defendant's vodka is predominately manufactured by mechanized and/or automated process rather than by hand;

    (c)   Whether Defendant's claims and representations above are untrue, or are misleading, or reasonably likely to deceive;

    (d)   Whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

    (e)   Whether Defendant's conduct is a fraudulent act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

    (f)   Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

    (g)   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200 *et seq*;

    (h)   Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500 *et seq*;

    (i)   Whether Defendant acted intentionally in making the misrepresentations contained in its product's label.

    (j)   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(k)   Whether Plaintiff and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and

(l)   Whether Plaintiff and proposed members of the Class are entitled to injunctive relief sought herein.

104. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seek to represent. Plaintiff, like members of the proposed Class, purchased Defendant's vodka after exposure to the same material misrepresentations and/or omissions appearing in the product's labeling, and received a product that was manufactured by mechanized and/or automated means rather than by hand. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

105. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

106. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

107. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote and package Tito's vodka in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

108. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

//
//
//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff and Class members be awarded damages from Defendant as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class counsel;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue advertising, marketing and otherwise representing its Tito's vodka as "Handmade"; (ii) disclose the mechanized and/or processes utilized in the manufacture of Tito's vodka; (iii) correct any erroneous impression consumers may have derived concerning the means of production for Tito's vodka, including without limitation, the placement of corrective advertising and providing written notice to the public;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- Prejudgment and post judgment interest;

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- Special, general, and compensatory damages to Plaintiff and the Class for negligent and/or intentional misrepresentations;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;
- Costs of this suit;
- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and
- Any and all other relief that this Court deems necessary or appropriate.

Dated: December 24, 2014                    Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**


                                            By: _s/  ABBAS KAZEROUNIAN_____
                                                 ABBAS KAZEROUNIAN, ESQ.
                                                 MONA AMINI, ESQ.
                                                 ATTORNEYS FOR PLAINTIFF

### TRIAL BY JURY

109. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: December 24, 2014                    Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**


                                            By: _s/  ABBAS KAZEROUNIAN_____
                                                 ABBAS KAZEROUNIAN, ESQ.
                                                 MONA AMINI, ESQ.
                                                 ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626